1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  KEITH MACHART,                    )  Case No. 1:10-cv-1080-LJO-JLT
                                      )
12              Plaintiff,            )  ORDER GRANTING MOTION TO PROCEED
                                      )  IN FORMA PAUPERIS
13       vs.                          )
                                      )  (Doc 2)
14  CLINICA SIERRA VISTA,             )
                                      )  ORDER DISMISSING COMPLAINT WITH
15              Defendant.            )  LEAVE TO AMEND
                                      )
16  _____  )  (Doc 1)

17

18       On June 15, 2010, Plaintiff filed his motion to proceed in forma pauperis ("IFP"). (Doc 2)

19  For the reasons set forth below, the Court recommends that the motion to proceed IFP be

20  **GRANTED**.

21  **I.       Motion to proceed IFP**

22       All parties instituting any civil action, suit or proceeding in a United States District Court

23  must pay a filing fee. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure

24  to prepay the fee only if the plaintiff is granted leave to proceed in IFP pursuant to 28 U.S.C. §

25  1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

26       Plaintiff alleges that he is employed and is paid $1,280 per month.  (Doc 2 at 1) Out of

27  this amount, he supports his wife and two young daughters.  (Doc 2 at 3) Although he anticipates

1   receiving a tax refund and owns a six-year-old vehicle, it appears to the Court that Plaintiff is

2   unable to afford to pay the costs associated with the commencement of this action.  Therefore,

3   Plaintiff's motion to proceed IFP is **GRANTED.**

4   **II.**   **Complaint**

5        **A.**   **Screening**

6        The Court is required to review complaints filed IFP.  28 U.S.C. §1915A(a); 28 U.S.C.

7   1915(e).  The Court must review the complaint and dismiss the action if it is frivolous or

8   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a

9   defendant who is immune from such relief.  28 U.S.C. § 1915 (e)(2)(B); <u>see</u> <u>Noll v. Carlson</u>, 809

10  F. 2d 1446, 1448 (9th Cir. 1987 (citing <u>Franklin v. Murphy</u>, 745 F. 2d 1221, 1228 (9th Cir.

11  1984)).  If the Court determines that the complaint fails to state a claim, leave to amend may be

12  granted to the extent that the deficiencies of the complaint can be cured by amendment.  <u>Lopez v.</u>

13  <u>Smith</u>, 203 F.3d 1122, 1127-1128 (9th Cir. 2000) (en banc).

14        **1.**   **Federal Rule of Civil Procedure 8(a)**

15        Complaints are governed by the notice pleading standard in Federal Rule of Civil

16  Procedure 8(a), which provides,

17        A pleading that states a claim for relief must contain:

18        (1) **a short and plain statement of the grounds for the court's jurisdiction,**
      **unless the court already has jurisdiction and the claim needs no new**
19    **jurisdictional support**;

20        (2) a short and plain statement of the claim showing that the pleader is entitled to
      relief; and
21

22        (3) a demand for the relief sought, which may include relief in the alternative or
      different types of relief.

23  (Emphasis added.)  Although the Federal Rules of Civil Procedure adopt a flexible pleading

24  policy, a complaint must give fair notice and state the elements of the plaintiff's claim plainly

25  and succinctly.  <u>Jones v. Community Redevelopment Agency</u>,  733 F.2d 646, 649 (9th Cir.

26  1984).  In other words, the plaintiff is required to give the defendants fair notice of what

27  constitutes the plaintiff's claim and the grounds upon which it rests. Although a complaint need

not outline all of the elements of a claim, it must be possible to infer from the allegations that all of the elements exist and that the plaintiff is entitled to relief under a viable legal theory.  Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990).

**B.    Analysis**

**1.    Summary of Allegations in Complaint**

Plaintiff alleges that he was a patient of defendant, Clinica Sierra Vista ("Clinica") beginning in June 2007.  (Doc. 1 at 1) He attended the clinic several times with symptoms including severely swollen lymph nodes, difficulty swallowing and occasional difficulty in breathing.  Id. Repeatedly he was told that he had "a virus" despite that his symptoms continued to worsen.  Id.  Employees of Clinica failed to properly diagnose and treat this condition.  (Doc 1 at 2)  Although Plaintiff requested a referral to a specialist, employees of Clinica failed to arrange it.  (Doc 1 at 2) Finally, in 2008, Plaintiff's wife arranged for him to see a specialist through their insurance company.  Id.  In May 2008, the specialist performed a biopsy and diagnosed Plaintiff as suffering from stage 4A "Squamous Cell Carcinoma."  Id.  Plaintiff contends that the delay in treatment by Clinica has caused him pain and suffering and "possibly permanent injury."  Id.

Plaintiff alleges that he has sued the same defendant in Kern County Superior Court in case number "CV268396DRL"  but has now filed this action because the defendant's attorney told him that this is a "Federal Court matter."  (Doc 1 at 2) Review of the docket of Kern County Superior Court case number S-1500-CV-268396, reveals that Plaintiff has sued Clinica, Arvin Community Health Center and Aurora T. Cole-Reimer PAC, although none of the defendants have filed a responsive pleading as yet.[1,2]

---

[1]The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The records of the Kern County Superior Court is a source whose accuracy cannot reasonably be questioned and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980).

[2]Until the issue of the Court's jurisdiction is resolved, the Court need not decide whether abstention is necessary or required.

**2.      The Complaint must be dismissed because it fails to allege facts that**
**would give rise to Federal Court jurisdiction**

As noted above, it appears that Plaintiff is seeking to impose liability on Clinica for medical malpractice.  Ordinarily, this cause of action would not confer jurisdiction on this Court. Moreover, despite indicating that Clinica's attorney has told Plaintiff that this case is a "Federal Court matter," Plaintiff does not outline any basis for this Court's jurisdiction.

However, the Court is not convinced that jurisdiction cannot be demonstrated in this matter.  For example, claims of medical malpractice against federally funded health care facilities and their employees acting in the scope of their employment are to be pursued against the United States under the FTCA. 42 U.S.C. § 233(g) (exclusive remedy against United States for actions against federally funded clinics and employees acting in the scope of their employment). Therefore, assuming that Clinica is covered by the Federally Supported Health Centers Assistance Act (42 USC § 233(g) - (n)), Federal Court jurisdiction may be proper under the Federal Tort Claims Act (28 USC §§ 1346(b), 2401(b), 2671-2680).

Because it may be possible for Plaintiff to amend the complaint to state facts that would give rise to jurisdiction, the Court will **DISMISS** the complaint with **LEAVE TO AMEND**.

**3.      Assuming the FTCA applies, Plaintiff must exhaust his administrative**
**remedies as a jurisdictional prerequisite to Federal Court jurisdiction.**

Generally, the FTCA requires a plaintiff to submit an administrative claim with the appropriate federal agency before filing a complaint for damages.  Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).  The purpose of this requirement is to allow the federal agency to allow settlement without need for intervention by the courts.  Id.  The requirement of presentation of the administrative is jurisdictional and "must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States." Id.

Thus, assuming the FTCA would govern this action, for this Court to have jurisdiction over this matter, Plaintiff must have filed his administrative claim before filing his complaint.

**III.**    **Conclusion**

The Court must dismiss Plaintiff's complaint for the reasons outlined in the body of this order.  The Court will grant Plaintiff an opportunity to file an amended complaint to address the deficiencies, if he is able.  Plaintiff is informed that the Court cannot refer to a prior pleading to make the amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Accordingly, **IT IS ORDERED** that:

1.      Plaintiff's application to proceed in forma pauperis is **GRANTED**;

2.      The Complaint is **DISMISSED WITH LEAVE TO AMEND**; and

3.      Plaintiff is **GRANTED** 20 days from the date of service of this order to file an amended complaint.  The amended complaint must reference the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Local Rule 110.

**Plaintiff is admonished that he must strictly comply with the requirements for filing a timely "First Amended Complaint."  Also, Plaintiff is advised that he must address the deficiencies noted in this order and he must file only non-frivolous claims against appropriate defendants.  If he fails to comply with this order, the Court will recommend dismissal of this action with prejudice.**

IT IS SO ORDERED.

Dated:  **June 22, 2010**                        _____
                                                 **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE