1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEITH MACHART,                          )   Case No. 1:10-cv-1080-OWW-JLT
                                             )
12            Plaintiff,                      )   FINDINGS AND RECOMMENDATION
                                             )   DISMISSING FIRST AMENDED
13        vs.                                 )   COMPLAINT WITHOUT LEAVE TO AMEND
                                             )
14   CLINICA SIERRA VISTA,                    )
                                             )   (Doc. 4)
15            Defendant.                      )
                                             )
16   _____ )

17

18   **I.      First Amended Complaint**

19           **A.      Screening**

20           On June 22, 2010, the Court granted Plaintiff's motion to proceed in forma pauperis.

21   (Doc. 3) The Court is required to review complaints filed IFP.  28 U.S.C. §1915A(a); 28 U.S.C.

22   1915(e).  The Court must review the complaint and dismiss the action if it is frivolous or

23   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a

24   defendant who is immune from such relief.  28 U.S.C. § 1915 (e)(2)(B); see Noll v. Carlson, 809

25   F. 2d 1446, 1448 (9th Cir. 1987 (citing Franklin v. Murphy, 745 F. 2d 1221, 1228 (9th Cir.

26   1984)).  If the Court determines that the complaint fails to state a claim, leave to amend may be

27   granted to the extent that the deficiencies of the complaint can be cured by amendment.  Lopez v.

1  Smith, 203 F.3d 1122, 1127-1128 (9th Cir. 2000) (en banc).

2          **1.**      **Federal Rule of Civil Procedure 8(a)**

3        Federal Rule of Civil Procedure 8(a) requires Plaintiff to provide, "a short and plain

4  statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and

5  the claim needs no new jurisdictional support", "a short and plain statement of the claim showing

6  that the pleader is entitled to relief" allegations outlining the relief sought. Although the Federal

7  Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and

8  state the elements of the plaintiff's claim plainly and succinctly.  Jones v. Community

9  Redevelopment Agency,  733 F.2d 646, 649 (9th Cir. 1984).

10        **B.**      **Analysis**

11          **1.**      **Summary of Allegations in Complaint**

12        Plaintiff alleges that he was a patient of defendant, Clinica Sierra Vista ("Clinica")

13  beginning on June 1, 2007.  (Doc. 4 at 1) He attended the clinic several times with symptoms

14  including severely swollen lymph nodes, difficulty swallowing and occasional difficulty in

15  breathing.  Id.  Employees of Clinica failed to properly diagnose and treat this condition and he

16  was told repeatedly that he had "a virus."  Id. at 1-2.  Despite his worsening condition, the

17  Defendants failed to treat Plaintiff or arrange appropriate treatment for him.  Id.  Although

18  Plaintiff requested a referral to a specialist, employees of Clinica failed to arrange it.  (Doc 4 at 2)

19  Finally, in May 2008, Plaintiff's wife arranged for him to see a specialist through their insurance

20  company. Id.  On June 18, 2008, the specialist performed a biopsy and diagnosed Plaintiff as

21  suffering from stage 4A "Squamous Cell Carcinoma." Id.  Plaintiff contends that the delay in

22  treatment by Clinica was below the standard of care, caused him pain and suffering and "possibly

23  permanent injury" and almost cost him his life Id. at 2-3.

24        Plaintiff alleges that he has sued the same defendant in Kern County Superior Court in

25  case number "CV268396DRL"  but has now filed this action because the defendant's attorney

26  told him that this is a "Federal Court matter."  (Doc 4 at 2) Review of the docket of Kern County

27  Superior Court case number S-1500-CV-268396, reveals that Plaintiff has sued Clinica, Arvin

1    Community Health Center and Aurora T. Cole-Reimer PAC, although none of the defendants

2    have filed a responsive pleading as yet.[1]

3        Plaintiff alleges that he has filed a federal tort claim and is awaiting response to the claim.

4    (Doc. 4 at 2) However, Plaintiff has attached a copy of a June 23, 2010 letter from the United

5    States Department of Justice related to his June 13, 2010 administrative tort claim.  (Doc. 4,

6    attachment) The letter indicates that the claim was determined to be invalid and was being

7    returned to Plaintiff due to the fact that it "lacks a sum certain."  Id.

8        **2.**      **The First Amended Complaint must be dismissed because Plaintiff**

9             **has not yet exhausted his administrative remedy.**

10        Claims of medical malpractice against federally funded health care facilities and their

11    employees acting in the scope of their employment must be initiated under the Federal Tort

12    Claims Act ("FTCA").  To do this, a Plaintiff must have filed an administrative claim and

13    received a final determination of his claim. 42 U.S.C. § 233(g) (exclusive remedy against United

14    States for actions against federally funded clinics and employees acting in the scope of their

15    employment). Only after the administrative claim is denied or deemed denied (28 U.S.C. §

16    2675(a)) whichever occurs first, may the claimant file his action in federal court and then, he has

17    only six months in which to act. 28 U.S.C. § 2401(b). The purpose of the FTCA's claims-filing

18    requirement is "'to encourage administrative settlement of claims against the United States and

19    thereby to prevent an unnecessary burdening of the courts.'" Brady v. United States, 211 F.3d

20    499, 502 (9th Cir. 2000) quoting Jerves v. United States, 966 F.2d 517, 520 (9th Cir. 1992).

21        The requirement of administrative exhaustion is jurisdictional and cannot be waived

22    (Brady, 211 F.3d at 502) and strict compliance with its provisions is required. Cadwalder v.

23    United States, 45 F.3d 297, 300 (9th Cir. 1995); Vacek v. United States Postal Service, 447 F.3d

24

25       [1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources
whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331,

26    333 (9th Cir. 1993). The records of the Kern County Superior Court is a source whose accuracy cannot reasonably be
questioned and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388

27    n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th
Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club,
Inc., 615 F.2d 736, 738 (6th. Cir. 1980).

1248, 1250 (9ᵗʰ Cir. 2006) ("We have repeatedly held that the exhaustion requirement is

jurisdictional in nature and must be interpreted strictly").  When a civil action is filed before the

FTCA claim has been denied or is deemed denied due to the expiration of the six-month claim

review period, the court has no jurisdiction and the matter must be dismissed. McNeil v. United

States, 508 U.S. 106, 111-112 (1993); Jerves v. United States, 966 F.2d at 518519.

Here, Plaintiff filed his administrative claim but it was determined to be invalid and was

returned to him due to the failure of the claim to specify the amount of money that Plaintiff

sought.  Even if the June13, 2010 claim was valid, this Court would not have had authority over

this civil action until after the claim was rejected or six months had passed from the time of the

filing of the claim.  As it stands, no matter the seriousness of the allegations Plaintiff raises in his

First Amended Complaint, this Court has no authority to consider his case.  Only compliance

with the FTCA "vests the federal district courts with exclusive jurisdiction over suits arising

from the negligence of Government employees." Jerves v. United States, 966 F.2d 517, 518 (9th

Cir. 1992). Therefore, it is recommended that the Court **DISMISS** this case **WITHOUT**

**LEAVE TO AMEND**.

> **3.**     **Once again, the Complaint must be dismissed because it fails to allege**
>
> **facts that would give rise to Federal Court jurisdiction**

As noted above, it appears that in his First Amended Complaint, Plaintiff is seeking to

impose liability on Clinica for medical malpractice.  A medical malpractice claims, generally,

would not confer jurisdiction on this Court, absent invovlement by a federal agency or federally

funded heath care facility. (42 USC § 233(g) - (n)) Furthermore, Plaintiff's allegation, that

Clinica's attorney told him that this case is a "Federal Court matter," is insufficient to invoke this

Court's jurisdiction.

Ordinarily, the Court would grant Plaintiff leave to file an amended complaint to address

this deficiency.  However, because First Amended Complaint makes clear that the Court lacks

the authority to decide this case, due to his failure to complete the FTCA claims process, granting

leave to amend would be futile.

**II.       Recommendation**

      Because Plaintiff has failed to complete the claims-filing procedures of the FTCA, the Court recommends that Plaintiff's First Amended Complaint be dismissed.  Accordingly, it is **RECOMMENDED** that,

    1.      The First Amended Complaint be **DISMISSED** without leave to amend because the Court lacks jurisdiction in the matter; and

    2.      The Clerk of Court enter judgment for Defendants because this dismissal with prejudice would terminate the action in its entirety.

      These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(10(C). Plaintiff is advised that his failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **July 19, 2010**                                          _____ **/s/ Jennifer L. Thurston** _____
                                                            UNITED STATES MAGISTRATE JUDGE